IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| SAMUEL RIOS | § | |
| VS. | § | CIVIL ACTION NO.  9:22-CV-95 |
| DIRECTOR, TDCJ-CID | § | |

### REPORT AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

Petitioner Samuel Rios, a prisoner confined at the Estelle Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The petition was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendations for the disposition of the case.

### Factual Background

Petitioner is in custody pursuant to a judgment entered in the 258th District Court of Polk County, Texas.  A jury found Petitioner guilty of attempted escape in case number 15666.  On August 29, 2000, Petitioner was sentenced to twenty years of imprisonment.  Petitioner appealed the judgment.  On August 29, 2001, the judgment was affirmed.  Petitioner did not file a petition for discretionary review.

Petitioner filed a state application for habeas relief on December 30, 2021.  The Texas Court of Criminal Appeals denied the application without written order on March 9, 2022.

<u>The Petition</u>

Petitioner filed this petition on May 29, 2022.[1]  Petitioner contends his trial attorney provided ineffective assistance of counsel by failing to:  (1) request a jury instruction, (2) advise Petitioner that he could plead guilty without a plea agreement after Petitioner rejected the States's plea offer, and (3) investigate Petitioner's medical records.  Petitioner claims the prosecutor committed misconduct by failing to disclose Petitioner's criminal record to him.  Petitioner alleges his appellate counsel provided ineffective assistance by failing to raise these issues on appeal.  Petitioner claims the trial court abused its discretion by allowing the prosecutor to ask improper questions and the witness to answer those questions.  Petitioner alleges he was denied the right to counsel because his attorney was provided under the indigent defense program.  Finally, Petitioner contends the judgment is defective because he was improperly fined $10,000.

<u>Analysis</u>

Title 28 U.S.C. § 2254 authorizes the district court to entertain a petition for writ of habeas corpus on behalf of a person in custody pursuant to a state court judgment if the prisoner is in custody in violation of the Constitution or laws or treaties of the United States.  28 U.S.C. § 2254(a).  There is a one year statute of limitations on federal petitions for writ of habeas corpus brought by state prisoners.  28 U.S.C. § 2244(d).  The limitation period begins to run from the latest of:  (1) the date on which the judgment became final;  (2) the date on which an impediment to filing created by unconstitutional state action was removed;  (3) the date on which the United States Supreme Court

---

[1]    A prisoner's pleading is considered filed as of the date it was delivered to prison officials for mailing. *Houston v. Lack*, 487 U.S. 266, 270 (1988); *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999); *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995).  Petitioner states that he placed the petition in the prison mail system on May 29, 2022.

initially recognized the constitutional right if the right is retroactively applicable to cases on collateral review; or (4) the date on which the factual predicate of the claim could have been discovered by due diligence. 28 U.S.C. § 2244(d)(1)(A)-(D). The amendment also provides that the statute of limitations is tolled while a state post-conviction review or other collateral attack is pending. 28 U.S.C. § 2244(d)(2).

Here, there was no impediment to filing caused by unconstitutional state action, and Petitioner does not rely on a newly recognized constitutional right. By exercising due diligence, Petitioner should have discovered the factual predicate of his claims before the conviction became final.

Because Petitioner did not file a petition for discretionary review within thirty days after the intermediate appellate court affirmed the judgment, his conviction became final on September 28, 2001. TEX. R. APP. P. 68.2(a). The statute of limitations began to run the next day, and it expired on September 28, 2002. Petitioner's state application for habeas relief did not toll the statute of limitations because it was filed long after the limitations period had expired. As a result, this petition for writ of habeas corpus, filed more than nineteen years after the statute of limitations expired, is untimely.

The statute of limitations may be equitably tolled in appropriate cases. *Holland v. Florida*, 560 U.S. 631, 130 S. Ct. 2549, 2562 (2010). Equitable tolling is only available if: (1) the petitioner diligently pursued his rights, and (2) extraordinary circumstances prevented timely filing. *Id*. Delays of the petitioner's own making are not "extraordinary circumstances." *Sutton v. Cain*, 722 F.3d 312, 316 (5th Cir. 2013). Excusable neglect and ignorance of the law do not justify equitable tolling. *Id*.

Petitioner has not demonstrated that he diligently pursued his rights, or that extraordinary circumstances prevented him from filing a timely petition.  As a result, he is not entitled to equitable tolling of the statute of limitations.

## Recommendation

This petition for writ of habeas corpus should be dismissed as it is barred by the statute of limitations.

## Objections

Within fourteen days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge.  28 U.S.C. § 636(b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error.  *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

SIGNED this 5th day of July, 2022.

Zack Hawthorn
United States Magistrate Judge